IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARTIN MONCIVAIS, | § § § | |
| *Plaintiff*, | § § | 5-18-CV-00525-OLG-RBF |
| vs. | § § § | |
| ALLSTATE TEXAS LLOYDS, | § § § | |
| *Defendant*. | § § § § | |

## AMENDED REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

**To the Honorable Chief United States District Judge Orlando Garcia:**

This Amended[1] Report and Recommendation concerns the Motion for Summary Judgment filed by Defendant Allstate Texas Lloyds. *See* Dkt. No. 87. All pretrial matters in this action have been referred for resolution pursuant to Rules CV-72 and 1 of Appendix C to the Local Rules for the United States District Court for the Western District of Texas. *See* Dkt. No. 37. The Court has diversity jurisdiction over this insurance coverage dispute, *see* 28 U.S.C. § 1332, and authority to enter this recommendation stems from 28 U.S.C. § 636(b)(1)(B).

For the reasons set forth below, it is recommended that Allstate's Motion, Dkt. No. 87, be **GRANTED IN PART AND DENIED IN PART**. Allstate should be granted summary judgment on all claims asserted by Plaintiff Martin Moncivais except that Moncivais's Texas Prompt Payment Act claim should proceed.

---

[1] This Amended Report and Recommendation supersedes and replaces the Report and Recommendation issued on September 22, 2020, Dkt. No. 90.

**Factual and Procedural Background**

Effective August 10, 2016, through August 10, 2017, Plaintiff Moncivais purchased a homeowner's insurance policy from Allstate with a dwelling-coverage limit of 84,600 and an additional $8,460 in coverage for other structures. *See* Dkt. No. 87-13. On or about January 24, 2017, Moncivais reported a claim for damages arising out of a January 2017 storm.[2] *See* Exs. A ¶ 5, A-1, & A-2 to Mot. Allstate inspected the property on February 6, 2017. *See* Exs. A ¶ 6 & A-1 to Mot. Based on this inspection, Allstate's adjustor determined that the storm had only caused $567.64 of property damage to Moncivais's dwelling and other structures. *See* Ex. A ¶ 6 & A-3. Because this figure was below Moncivais's $846 deductible, Allstate refused to pay the claim. *See* Ex. A ¶ 6.

Moncivais, along with two other plaintiffs, sued Allstate on March 28, 2018, in the 408th District Court of Bexar County, Texas. *See* Dkt. No. 1. Allstate removed the case on diversity grounds, and on May 29, 2018, the District Court severed the cases. *See* Dkt. Nos. 1 & 14. Moncivais contends that Allstate's inspection and investigation of his claim was substandard and outcome oriented in that it failed to include all damages observed during the inspection, failed to identify damages that should have been observed, and wrongfully attributed to wear and tear damage to the roof, decking, and soffit. *See* Amend. Compl. He brings claims against Allstate for: (1) breach of contract; (2) violation of the Texas Prompt Payment Act, Tex. Ins. Code § 542.051 *et seq.*, and (3) various acts of bad faith in violation of Sections 541.051, 541.060, and 541.061 the Texas Insurance Code, including misrepresenting the policy's terms and coverage, failing to promptly resolve the claim or provide explanation for denial of the claim, failing to settle the claim in good faith, and failing to conduct a reasonable investigation. *See id.*

---

[2] Moncivais's amended complaint contends that the loss arose from a storm on or about April 12, 2016 "or sometime within the policy period." Amend. Compl. 6.

On July 12, 2019, over a year after he initiated this action, Moncivais invoked the policy's appraisal provision. *See* Dkt. No. 53. Accordingly, Allstate moved to abate the case pending the outcome of the appraisal process. *See id*. The Court granted Allstate's request, abated all remaining deadlines in the case, and vacated the October 2019 trial setting. *See* Dkt. No. 55. The Court then advised the parties that in the event the appraisal didn't resolve the dispute, they would only be provided a limited period of time to conduct additional discovery before the case was reset for trial. Finally, the Court explained that the February 22, 2019, dispositive motion deadline, *see* Dkt. No. 13, would not be extended. *See* Dkt. No. 55.

On November 6, 2019, both parties' appraisers signed an award setting the amount of loss at $13,715.78. *See* Dkt. No. 87-9 (Ex. A-8). That same day, Allstate sent Moncivais a check for the appraisal amount less the $846 deductible for a total of $12,869.78. Dkt. No. 87 ¶ 10; Dkt. Nos. 87-5, 87-10 (Exs. A-4 & A-9). The next day, Allstate sent Moncivais a separate check for $6,092.55 "to cover any additional interest Plaintiff could conceivably allege to be owed." Dkt. No. 87-6 (Ex. A-5). The parties, however, didn't advise the Court that the appraisal had been completed until three months later in a joint status report filed on February 12, 2020. *See* Dkt. No. 82.

Based on the representations in the parties' advisory, on March 6, the Court re-opened the case and placed it back on the Court's active litigation docket. *See* Dkt. No. 85. The Court also ordered the parties to review the scheduling order in place and to the extent necessary, submit proposed scheduling recommendations to the case going forward. *See id.* Finally, the Court reminded the parties that the dispositive motion deadline—which had long expired— would "not be re-set absent a compelling reason to do so." *Id.* (citing Dkt. No. 55).

That same day Allstate filed an amended answer without leave of Court and long after the deadline to amend pleadings had expired. *See* Dkt. No. 86. Then, three days later, on March 9,

3

Allstate filed the instant motion for summary judgment, *see* Dkt. No. 87, again without requesting leave and in conflict with the Court's August 28, 2019 and March 6, 2020 Orders. Allstate's Motion seeks summary judgment on all of Moncivais's claims, contending that its timely payment of the appraisal award and issuance of a second check to cover any additional interest Moncivais could conceivably be owed resolve all of Moncivais's contractual and extracontractual claims. The parties never submitted proposed scheduling recommendations. Accordingly, the Court presumes that the parties are ready for trial.

**Analysis**

Allstate filed its Motion for Summary Judgment without leave of Court or presenting a compelling reason to re-open the long expired dispositive motion deadline. On this ground alone, Allstate's motion could be denied. In the interest of judicial efficiency, however, Allstate should be granted summary judgment on Moncivais's breach of contract and bad-faith claims. Texas Supreme Court precedent makes clear that these claims are no longer viable in light of Allstate's timely payment of the appraisal award. Moncivais's Texas Prompt Payment Act claim, however, should proceed, at least at this juncture. Allstate hasn't presented sufficient persuasive authority to establish judgment as a matter of law on this claim.

*A. Breach of Contract and Chapter 541 Bad Faith Claims*. Moncivais contends that Allstate breached the parties agreement by wrongfully undervaluing and denying his claim. *See* Amend. Compl. ¶ 14; *see also* Dkt. No. 88 at 3. But now that Allstate has timely paid the appraisal award, it is entitled to summary judgment on this claim. *See Ortiz v. State Farm Lloyds*, 589 S.W.3d 127, 132-33 (Tex. 2019) (an insured's breach-of-contract claim—to the extent it is premised on the alleged failure of the insurer to pay the amount of covered loss—is barred by an insurer's payment of the appraisal award). Moncivais's Chapter 541 bad-faith claims similarly fail because the only actual damages sought here are the lost policy benefits. *See id.* at 134-35.

4

The fact that Moncivais may have been forced to wait two years to secure payment of the policy benefits and engage counsel to assist him with this matter doesn't render his injury independent from the loss of policy benefits paid in accordance with the policy's appraisal provision. *See id.* (citing *USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 500 (Tex. 2018)). Moncivais doesn't claim that the delay in payment resulting from Allstate's allegedly unreasonable investigation caused additional property damage to his home. *Compare id. with* Amend. Compl. ¶¶ 17-20 & Resp. to Mot. (Dkt. No. 88) at 3. Nor does Moncivais claim that Allstate's alleged misrepresentations ultimately caused him to miss out on some policy benefits to which he otherwise would've been entitled. Absent an independent injury, Moncivais may not maintain his Chapter 541 bad-faith claims.

    *B. Texas Prompt Payment Act*. Allstate's payment of the appraisal award, however, doesn't necessarily bar Moncivais's Texas Prompt Payment Act claim—which is premised on Allstate's alleged failure to follow the required timeframe for accepting or denying coverage set forth in Chapter 542. *See Barbara Techs. Corp. v. State Farm Lloyds*, 589 S.W.3d 806, 822-23; 828-29 (Tex. 2019), *reh'g denied* (Dec. 13, 2019). Nevertheless, Allstate maintains that it is entitled to summary judgment on this claim because even if Moncivais were to prevail, he couldn't recover any further damages. To that end, Allstate argues that it already paid Moncivais any interest he could conceivably recover on this claim and under the circumstances of this case Moncivais isn't entitled to any attorney's fees. Specifically, Allstate contends that Moncivais is precluded from recovering attorney's fees because (1) Moncivais didn't provide Allstate with the requisite pre-suit notice required by Section 542A.003 of the Texas Insurance Code; (2) Moncivais rejected Allstate's offer of judgment, which allegedly exceeds the amount Moncivais could recover here; and (3) attorneys' fees are barred by the calculation set forth in Section

542A.007 of the Texas Insurance Code. None of these arguments establishes that Allstate is entitled to judgment as a matter of law on Moncivais's Prompt Payment Act claim.

        1.    <u>Pre-suit notice</u>. Section 542A.007(d) of the Texas Insurance Code enables defendants to limit attorney's fees awards where a plaintiff fails to provide pre-suit notice, at least 61 days before filing suit, in the manner prescribed by § 542A.003 unless it is "impracticable" to do so. *See* Tex. Ins. Code. §§ 542A.003(a), (d); 542A.007(d). The full text of the provision is as follows:

> If a defendant in an action to which this chapter applies pleads and proves that the defendant was entitled to but was not given a presuit notice stating the specific amount alleged to be owed by the insurer under Section 542A.003(b)(2) at least 61 days before the date the action was filed by the claimant, the court may not award to the claimant any attorney's fees incurred after the date the defendant files the pleading with the court. A pleading under this subsection must be filed not later than the 30th day after the date the defendant files an original answer in the court in which the action is pending.

*Id.* § 542A.007(d). Here, Allstate submits evidence that Moncivais didn't provide the requisite pre-suit notice until one day before initiating this litigation. *See* Mot. at 14 (citing Ex. A-11). Moncivais doesn't dispute the lack of notice or argue that pre-suit notice wasn't required because it was impracticable under the circumstances. Accordingly, assuming Allstate timely complied with § 542A.007(d), Moncivais would be precluded from recovering a majority of his attorney's fees. But here Allstate only timely *pled* insufficient pre-suit notice. *See* Mar. 28, 2018 Amend. Answer (Dkt. No. 1-9). It didn't attempt to *prove* the lack of notice until filing the instant motion almost two years later. Allstate doesn't cite any authority to support its position that an insurer may timely raise the issue of insufficient notice in an amended answer, litigate the case for two years, and only then move for summary judgment on the issue rather than filing a motion to preclude at the outset as most insurers in this context generally do. Moreover, at least two courts in this circuit have suggested that the statute requires—albeit in a slightly different posture—that an insurer must both plead and prove lack of pre-suit notice within 30 days of filing their original

answer. *See, e.g.*, *PMG Int'l, Ltd. v. Travelers Indem. Co. of Am.*, No. SA-20-CV-00148-FB, 2020 WL 1164116, at *2 (W.D. Tex. Mar. 11, 2020); *Gateway Plaza Condo v. Travelers Indem. Co. of Am.*, No. 3:19-CV-01645-S, 2019 WL 7187249, at *2 (N.D. Tex. Dec. 23, 2019). Such an interpretation is consistent with the purpose of the 60-day-notice requirement, which is to "discourage litigation and encourage settlements of consumer complaints." *Hines v. Hash*, 843 S.W.2d 463, 469 (Tex. 1985)

In any event, the Court need not reach this issue, at least at this juncture. Allstate seeks summary judgment on Moncivais's Prompt Payment Act claim on the grounds that its supplemental interest payment and Moncivais's lack of pre-suit notice means there are *no damages* Moncivais could recover here. Even assuming Allstate timely complied with § 542A.007(d) when it filed its Amended Answer, Moncivais could still recover attorney's fees expended from the time he retained counsel to litigate this action until March 28, 2018, when Allstate first raised the defense. Accordingly, summary judgment on this ground wouldn't be appropriate.

      2.      <u>Offer of Judgment</u>. Allstate's assertion that Moncivais is also barred from recovering any attorney's fees on its Prompt Payment Act claim is equally unavailing. A prevailing party who fails to achieve an award more favorable than a Rule 68 offer of judgment is not entitled to recover attorney's fees incurred for services performed *after* the offer is rejected (provided the underlying statute includes attorney's fees as part of recoverable costs). *See Marek v. Chesny*, 473 U.S. 1, 10 (1985). Here, Allstate tendered its offer on August 8, 2019[3]—almost a year and a half after Moncivais brought suit. Accordingly, even if Allstate is ultimately entitled to invoke Rule 68's cost-shifting provision, Moncivais would still be entitled to recover attorney's fees incurred prior to his rejection of the offer. Because there are further damages

---

[3] *See* Mot. at 15.

Moncivais could recover here, summary judgment on Moncivais's Prompt Payment Act claim should be denied.

        3.    <u>Texas Insurance Code § 542A.007(a).</u> Finally, Allstate argues that Moncivais is barred from recovering any attorney's fees pursuant to the specific formula for calculating attorney's fees set forth in § 542A.007(a) of the Texas Insurance Code. That provision provides in relevant part:

> (a) Except as otherwise provided by this section, the amount of attorney's fees that may be awarded to a claimant in an action to which this chapter applies is *the lesser of*:
>> (1) the amount of reasonable and necessary attorney's fees supported at trial by sufficient evidence and determined by the trier of fact to have been incurred by the claimant in bringing the action;
>>
>> (2) the amount of attorney's fees that may be awarded to the claimant under other applicable law; or
>>
>> (3) the amount calculated by:
>>
>>> (A) *dividing the amount to be awarded in the judgment to the claimant for the claimant's claim under the insurance policy for damage to or loss of covered property* by the amount alleged to be owed on the claim for that damage or loss in a notice given under this chapter; and
>>>
>>> (B) multiplying the amount calculated under Paragraph (A) by the total amount of reasonable and necessary attorney's fees supported at trial by sufficient evidence and determined by the trier of fact to have been incurred by the claimant in bringing the action.

Tex. Ins. Code § 542A.007(a) (emphasis added). Because Allstate has already tendered both the appraisal payment and any relevant interest payments, the resulting numerator in § 542A.007(a)(3)(A)'s attorney's fees formula, according to Allstate, is zero. A fraction with a numerator equal to zero is zero. And, it follows that any number multiplied by zero is zero. Accordingly, Allstate urges that where, as is the case here, an insurer pays an appraisal award and any potential interest, a plaintiff isn't entitled to any attorney's fees. *See* Mot. at 18-19.

8

The District Court, however, recently declined to adopt Allstate's reasoning in *Gonzalez v. Allstate Fire & Cas. Ins. Co*., No. 5-18-cv-283-OLG (W.D. Tex. Dec. 2, 2019), Dkt. No. 49 and *Mancha v. Allstate Texas Lloyds*, 5-18-cv-524-OLG (W.D. Tex. Feb. 26, 2020), Dkt. No. 33. In both cases, the District Court noted several problems with Allstate's statutory interpretation including: (1) the lack of case law supporting Allstate's position; (2) the fact that the Texas Supreme Court in *Barbara Technologies*, 589 S.W.3d at 826, appeared to leave open the possibility that the amount paid following appraisal could serve as "actual damages" for the purpose of determining eligibility for damages under the Prompt Payment Act, if a plaintiff ultimately establishes liability; (3) the fact that the Court could enter a declaratory judgment in a plaintiff's favor with respect to the amount owed by Allstate under the policy, irrespective of whether all or a portion of that amount has been paid; and (4) the Court's concern that Allstate's interpretation of § 542.007 would mean that insurers could engage in questionable practices to systematically avoid liability under the Prompt Payment Act. *See Gonzalez*, No. 5-18-cv-283-OLG, Dkt. No. 49 at 13-15; *Mancha*, 5-18-cv-524-OLG, Dkt. No. 33 at 5-6. Although the District Court recognized that § 542A.007 limits attorney's fees in weather-related insurance disputes, it also observed there was no indication that the Texas Legislature intended to read attorney's fees out of the statute for all practical purposes. *See Gonzalez*, No. 5-18-cv-283-OLG, Dkt. No. 49 at 13-15. Without a "more persuasive" indication that the Legislature intended § 542A.007 to shield insurers from attorney's fee liability, the District Court denied Allstate's motions for summary judgment on this issue. *Gonzalez*, No. 5-18-cv-283-OLG, Dkt. No. 49 at 14; *Mancha*, 5-18-cv-524-OLG, Dkt. No. 33 at 5-6. In *Mancha*, however, the District Court granted Allstate an opportunity to renew its motion on the issue, provided that it could support its motion with "any state appellate court cases where this issue is pending or has been decided." 5-18-cv-524-OLG, Dkt. No. 33 at 5-6 ("Defendant may advise the Court of any pending or

9

recently decided state appellate cases interpreting the interaction between § 542A.007 and the TPPCA's attorney's fees provision. *Provided there is such authority*, Defendant may renew its motion.") (emphasis added).[4]

Twelve days after the District Court issued its Order in *Mancha*, Allstate filed the present motion, seeking summary judgment on the same issue addressed in both *Mancha* and *Gonzalez*. Shortly thereafter, Allstate renewed its motion for summary judgment in *Mancha*. 5-18-cv-524-OLG, Dkt. No. 34. That motion—which contains the same arguments and authorities presented here[5]—is currently pending with the District Court. But as in *Mancha* and *Gonzalez*, Allstate doesn't supply any state appellate-court authority to support its position. Indeed, Allstate concedes in *Mancha* that "[t]o the best of [its] present knowledge, no state appellate authority exists interpreting this provision post-appraisal." *Id.*, Dkt. No. 34. Instead, Allstate provides the Court with two District Court opinions that allegedly support its statutory interpretation. One of the opinions—*Reyna v. State Farm Lloyds*, H-19-3726, 2020 WL 1187062 (S. D. Tex. Mar. 12, 2020)— doesn't contain any discussion about the interaction between § 542A.007's attorney's fees calculation and the Texas Prompt Payment Act.[6] The second opinion, *Pearson v. Allstate Fire and Casualty Co.*, No. 3-19-cv-693-BK, 2020 WL264107, at *4 (N.D. Tex. Jan. 17, 2020),

---

[4] Although the Court also permitted the parties to cite to relevant federal district court cases, the Court explained that "the renewed motion should contain state appellate cases . . . ." *Id.* n.1.

[5] The only difference between the two motions is that in *Mancha* Allstate filed a notice of supplemental authority advising the Court that the 281st District Court of Harris County recently granted its post-appraisal motion for summary judgment on issues "similar" to those before this Court in the case styled *Delgado v. Allstate Texas Lloyds*. *See* Dkt. No. 38. But in *Delgado*, Allstate sought summary judgment on plaintiff's Prompt Payment Act claim on several additional grounds not urged here. And, the *Delgado* court didn't provide any rationale for its decision. Accordingly, *Delgado* lacks persuasive value here.

[6] The Court in *Reyna* granted summary judgment on plaintiff's Prompt Payment Act claim on the grounds that the insurer complied with the relevant statutory deadlines and made reasonable payments. Without a viable Prompt Payment Act claim, attorney's fees weren't available as a matter of law. *Id.* at *4-5.

adopts Allstate's argument but doesn't provide any meaningful discussion of the issue. Moreover, nowhere in its Motion or Reply[7] does Allstate address any of the District Court's concerns outlined in both *Mancha* and *Gonzalez*. Absent more persuasive authority, and particularly because Allstate hasn't provided a compelling reason for the Court to visit this issue long after its dispositive motion deadline expired, the District Court should deny Allstate's motion for summary judgment with respect to Moncivais's Prompt Payment Act claim.

## Conclusion and Recommendation

For the reasons discussed above, it is recommended that Allstate's Motion, Dkt. No. 87, be **GRANTED IN PART AND DENIED IN PART**. Allstate should be granted summary judgment on all claims asserted by Plaintiff Moncivais except with respect to Moncivais's Texas Prompt Payment Act claim, which should proceed.

Having considered and acted upon all matters for which the above-entitled and numbered case was referred, it is **ORDERED** that the above-entitled and numbered case is **RETURNED** to the District Court for all purposes.

## Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy by certified mail, return receipt requested, to those not registered. Written objections to this report and recommendation must be

---

[7] Allstate briefs these issues for the first time in its Objections to the original Report and Recommendation. *See* Dkt. No. 92. Given that Allstate didn't brief these issues the first time around, they won't be taken up now. Whether and to what extent the District Court sees fit to address them is, of course, a matter for the District Court to decide. The District Court's Referral Order, it bears mentioning, notes that "objections and appeals shall be limited to issues first raised before the magistrate judge; failure to bring any defect in any order or recommendation to the attention of the magistrate judge prior to raising the issue before this Court shall be deemed a waiver of such issue." Dkt. No. 37 at 2. Raising an issue for the first time in Objections to a Report and Recommendation does not, in my view, place a Magistrate Judge under any obligation to take up the issue.

filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The objecting party shall file the objections with the clerk of the court, and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusory, or general objections. A party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to timely file written objections to the proposed findings, conclusions, and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**IT IS SO ORDERED**.

SIGNED this 8th day of October, 2020.

_____
RICHARD B. FARRER
UNITED STATES MAGISTRATE JUDGE